

**SIGNED THIS 14th day of June, 2023**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

                                            Paul M. Black
                                 UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-70423 |
| NORTHVIEW CORPORATION | ) | |
| | ) | Chapter 13 |
| Debtor. | ) | |

### ORDER TO SHOW CAUSE FOR DISMISSAL WITH A BAR TO REFILING OR CONVERSION TO CHAPTER 7

Section 109(e) of the Bankruptcy Code provides the eligibility requirements for a debtor to obtain relief under Chapter 13.  Any individual, even if self-employed or operating an unincorporated business, is eligible for Chapter 13 relief as long as the individual debt limits are met.  11 U.S.C. § 109(e).  Section 109(e) further provides that only an individual with regular income may be a debtor under Chapter 13.  11 U.S.C. § 109(e).

> The eligibility criteria set forth in Section 109(e) are specific and restrictive. 2 Collier on Bankruptcy ¶ 109.06.  Section 101 of the Bankruptcy Code defines the term "individual with regular income" as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13, other than a stockbroker or a commodity broker. 11 U.S.C. § 109(e). Pursuant to Section 101(41), the term "person" comprises individual, partnership and corporation.  It is clear from this definition that an "individual" is a narrower term that [sic] a "person".

*See In re Agrinsoni,* No. 11-09111, 2012 WL 2411887 at * 2 (Bankr. D.P.R. June 26, 2012). *See also Brian v. Flickinger (In re Flickinger),* No. 1:10-ap-00049, 2010 WL 3431659 (Bankr. M.D. Pa. Aug. 30, 2010) (unpublished) ("A corporate entity cannot be a debtor in a chapter 13 case."); *Forestry Prods., Inc. v. Hope,* 34 B.R. 753 (M.D. Ga. 1983) ("This court finds that as a matter of statutory construction a corporation is not an individual within the meaning of 11 U.S.C. § 109(e)."). Thus, Partnerships and corporations are not eligible to file Chapter 13 cases.[1]

On June 13, 2023, the Debtor, Northview Corporation (the "Debtor"), filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq*. The Debtor is a Virginia corporation. The petition was purportedly signed by Randell Robertson, who, according to the records of the Virginia State Corporation Commission, is not an officer of the Corporation. The President of the Corporation is listed as Richard R. Hamlett, who has previously filed other *pro se* bankruptcy cases in this Court to stop pending foreclosures. One of his entities, VA My Home, LLC, is presently barred from refiling in this Court for 365 days from January 31, 2023. It is unclear whether this filing is intended to stop foreclosure of the same property. The Debtor paid no filing fee, and the Debtor filed no schedules, mailing matrix, or other required documents.[2]

Given that the Debtor is, on its face, ineligible to be a debtor under Chapter 13 of the Bankruptcy Code, the Debtor is directed to appear on June 26, 2023 at 9:30 a.m. at the United States Bankruptcy Court in Roanoke, Virginia (210 Church Avenue, 2nd Floor) and show cause

---

[1] A corporation can only appear in federal court through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993). Additionally, this Court's Local Rule 1074-1 provides the following: "Any corporation which maintains an action in this Court under any chapter of the Bankruptcy Code or appears before the Court in any manner must be represented at all times by counsel."

[2] Randell Robertson did not appear. The petition was delivered to the Court by someone who represented himself to the Clerk's office staff as George Robertson.

why this case should not be dismissed, with a one year bar to refiling, or why it should not be converted to one under Chapter 7 of the Bankruptcy Code. The Court also reserves the right to award further other sanctions, including entering an order annulling, modifying or terminating the stay as to any affected property, should circumstances warrant such relief.[3]

It is so ORDERED.

The Clerk is directed to send a copy of this Order to the Debtor at the address on the petition and also to Richard R. Hamlett, President and to Jane A. Parker, Registered Agent, each at 5735 Grandin Road Ext., Roanoke, VA 24018; the Chapter 13 Trustee; those who have requested to receive notice in this case; and the Office of the United States Trustee.

** END OF ORDER **

---

[3] As no mailing matrix or schedules were filed with the petition, the Court is unaware of what creditors may be affected by this case filing.